## TROY COKER v. STATE.

No. A-5014.  Opinion Filed Sept. 14, 1925.
(239 Pac. 190.)

C. C. Williams, for plaintiff in error.

George F. Short, Atty. Gen., and V. P. Crowe, Asst. Atty. Gen., for the State.

EDWARDS, J.   From a conviction in the county court of Le Flore county on a charge of selling whisky, the plaintiff in error, hereinafter called defendant, has appealed.   The only assignment of error urged is that the evidence is insufficient to sustain the verdict.   The record discloses that John Hudson was the only witness for the state.   He testified that he went to the restaurant run by the defendant and purchased a half pint of whisky from the defendant.   The defendant denies that he sold him any whisky, and offers the evidence of another witness who testified that he was at the restaurant during the afternoon of the alleged sale and did not see the defendant sell whisky to the state's witness.   That is to say, there is a square conflict between the testimony for the state and the testimony of the defendant.   This presented a question of fact exclusively for the jury.   They saw the witnesses, observed their demeanor on the stand, and were in a better position than this court could possibly be to properly weigh the testimony.   The issue was properly

submitted to the jury, and they found against the defendant.

It has been the uniform holding of this court that where there is evidence, although conflicting, from which the jury may reasonably and logically find a defendant guilty, and the jury, under proper instructions, render a verdict, that this court will not become triers of fact and set aside the verdict on the ground of insufficiency. This has been so often held that it is no longer necessary to cite authorities to support the rule. No prejudicial error appearing, the case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.